## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SINAN O., | Case No. 26-cv-386 (LMP/JFD) |
| Petitioner, | |
| v. | **ORDER DENYING**<br>**HABEAS PETITION** |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*, | |
| Respondents. | |

Cameron Lane Youngs Giebink, **Wilson Law Group, Minneapolis, MN**, for Petitioner.

Ana H. Voss, David W. Fuller, and Liles H. Repp, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Sinan O. petitions for a writ of habeas corpus, alleging that Respondents

(the "Government") lack a valid administrative warrant to justify his detention.  ECF No. 1.

---

[1]    When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents.  Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

The Government opposes the petition.  ECF No. 5.  For the following reasons, the petition is denied.

## BACKGROUND

Sinan O. is a citizen of Turkey who entered the United States on a valid J-1 exchange visa on June 7, 2024.  ECF No. 1 ¶ 24.  Sinan O. applied for asylum in September 2024.  ECF No. 6 ¶ 5.  Since residing in the United States, Sinan O. has remained law-abiding.  ECF No. 1 ¶ 25.  However, on December 4, 2025, Sinan O. was arrested by immigration officials.  *Id.* ¶ 26.  On January 13, 2026, Sinan O. received a bond hearing before an immigration judge, who denied him release on bond.[2]  *See* ECF No. 13-1.  Accordingly, Sinan O. remains in the custody of Immigration and Customs Enforcement ("ICE").  ECF No. 1 ¶ 29.

On January 16, 2026, Sinan O. petitioned for a writ of habeas corpus, alleging that his detention under 8 U.S.C. § 1226(a) is unlawful because the Government never issued an administrative warrant for his arrest.  *See id.* ¶¶ 56–59.  The Court ordered the Government to respond to the petition no later than January 22, 2026.  ECF No. 3.  The Government timely responded and produced an administrative warrant for Sinan O.'s arrest.  *See* ECF No. 6-3.  The warrant states that it was issued on December 15, 2025, and was served on Sinan O. on the same date at Fort Snelling, Minnesota.  *Id.*  Sinan O. replied,

---

[2]      The parties agree, and the record reflects, that an immigration judge adjudicated Sinan O.'s bond redetermination request on the merits.  *See* ECF No. 13-1.  This case is therefore unlike those cases legion in this District where a petitioner was denied the opportunity to obtain bond under 8 U.S.C. § 1225(b)(2).

explaining that the administrative warrant could not have been served on him on December 15, 2025, at Fort Snelling, because he has been detained since December 5, 2025, at the Crow Wing County Jail—more than 100 miles away from Fort Snelling. ECF No. 7 at 7; ECF No. 7-2. Sinan O. asserts, and the Government does not dispute, that he has not been served with the administrative warrant for his arrest. ECF No. 7 at 7. Sinan O. asserts that because the warrant was never served on him, his detention under 8 U.S.C. § 1226(a) is unlawful. *Id.* at 7–8. Given the factual discrepancies in the record, the Court held a hearing on the petition on January 29, 2026. ECF No. 11.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

This Court has previously concluded that detention under 8 U.S.C. § 1226(a) is not authorized without a valid administrative warrant. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026). Accordingly, this case turns on whether there is a valid administrative warrant for Sinan O.

Section 1226 provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Accordingly, "[i]ssuance of a warrant is a necessary condition to

justify discretionary detention under section 1226(a)." *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citation omitted). At the hearing on Sinan O.'s petition, Sinan O. conceded that an administrative warrant had been issued on December 15, 2025. Under the statute, that is all that is required to justify detention under Section 1226(a).

Sinan O. asserts that to justify detention under Section 1226(a), an administrative warrant must be issued *and* served on the noncitizen. ECF No. 7 at 7–8. But the word "served" is conspicuously absent from the text of Section 1226(a), and this Court is not authorized to rewrite statutory language under the guise of interpreting it. *See Nasrallah v. Barr*, 590 U.S. 573, 583 (2020); *62 Cases, More or Less, Each Containing Six Jars of Jam v. United States*, 340 U.S. 593, 596 (1951) ("Congress expresses its purpose by words. It is for [the courts] to ascertain—neither to add nor to subtract, neither to delete nor to distort.").

Sinan O. points to several regulations that purportedly support his interpretation of Section 1226, but those regulations are either unhelpful to or undermine his case. Sinan O. asserts that 8 C.F.R. § 287.5(e)(3) requires "[s]ervice of warrant of arrests for immigration violations." ECF No. 7 at 7–8. But that is not what that regulation says. Rather, it simply lists the types of immigration officers who are authorized to serve administrative warrants. *See* 8 C.F.R. § 287.5(e)(3) ("The following immigration officers . . . are hereby authorized and designated . . . to execute warrants of arrest for administrative immigration violations issued under section 236 of the Act."). Nowhere does that regulation require that an administrative warrant be served on a noncitizen to be deemed valid.

4

Sinan O. also points to 8 C.F.R. § 236.1(b),[3] but that regulation cuts against his interpretation of Section 1226. That provision provides:

> At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest. A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter.

8 C.F.R. § 236.1(b)(1). The regulation also provides that "[i]f, after the issuance of a warrant of arrest, a determination is made not to serve it, any officer authorized to issue such warrant may authorize its cancellation." *Id.* § 236.1(b)(2). By differentiating between the "issuance" and "service" of a warrant, this regulation reflects that an administrative warrant being "issued" and "served" are two different things. Returning to the text of Section 1226(a), the statute requires the administrative warrant to be "issued," but *not* "served." The Court presumes "differences in language like this convey differences in meaning." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 86 (2017). And given the differentiation between the "issuance" and "service" of an administrative warrant reflected in the regulations implementing the Immigration and Nationality Act, had Congress wanted to condition the validity of an administrative warrant on its service, "it presumably would have said so," for "other [regulations], in other contexts, speak in just that way." *Sessions v. Dimaya*, 584 U.S. 148, 165 (2018) (citation omitted).

---

[3]    At oral argument, counsel for Sinan O. cited the regulation as 8 C.F.R. § 287.3(b) but quoted from the language of 8 C.F.R. § 236.1(b). The Court therefore believes that Sinan O.'s counsel was attempting to cite to 8 C.F.R. § 236.1(b), particularly because 8 C.F.R. § 287.3(b) has nothing to do with administrative warrants of arrest.

Accordingly, because it is undisputed by the parties that an administrative warrant was issued on December 15, 2025,[4] Sinan O. is lawfully detained pursuant to 8 U.S.C. § 1226(a). That conclusion does not excuse, however, ICE's carelessness in this case by issuing one warrant, seemingly losing it, issuing a second warrant, and stating that ICE served that warrant on Sinan O. in Fort Snelling when he was actually incarcerated more than 100 miles away. The Court also observes that William J. Robinson, a deportation officer with ICE, declared under penalty of perjury that Sinan O. was served with an administrative warrant on December 15, 2025—an assertion that now appears to be false. ECF No. 7 ¶ 7. ICE's carelessness led to additional briefing, a court hearing, and the additional expenditure of time by the Court and the attorneys. Although ICE's carelessness in this case does not impact its outcome, it should serve as a warning for all Americans invested in good government.[5]

---

[4]    The Government asserts that a warrant for Sinan O.'s arrest was initially issued on December 4, 2025, but it is unable to find a copy of that warrant. ECF No. 12 ¶¶ 7–8. Although losing a warrant reflects great carelessness, it does not matter to the resolution of this case, since the parties agree that a warrant was issued on December 15, 2025.

[5]    In his reply brief, Sinan O. raised several other theories of relief, including that he cannot be detained while having an asylum application pending before U.S. Citizenship and Immigration Services, that he should not have been arrested without a warrant in the first place, and that he experienced an "unnecessary delay for examination" after being arrested. ECF No. 7 at 5–12. Because these claims were not raised in the petition but were raised only in Sinan O.'s reply brief, the Court does not address them. *See Fairview Health Servs. v. Armed Forces Off. of Royal Embassy of Saudi Arabia*, 705 F. Supp. 3d 898, 910 n.3 (D. Minn. 2023) ("A complaint . . . cannot be amended through briefing.").

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Sinan O.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**.  This action is **DISMISSED WITHOUT PREJUDICE**.

Dated: February 3, 2026                      *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge